**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **09-08825-hb**
Adversary Proceeding Number: **11-80048-hb**

### ORDER ON MOTION TO DISMISS

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**01/12/2012**



US Bankruptcy Judge
District of South Carolina

Entered: 01/13/2012

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Michael Lee Pressley and Earline Hollingsworth Pressley,<br><br>                                    Debtor(s). | C/A No. 09-08825-HB<br><br>Adv. Pro. No. 11-80048-HB<br><br>Chapter 13 |
| Michael Lee Pressley<br>Earline Hollingsworth Pressley,<br><br>                                    Plaintiff(s),<br><br>v.<br><br>CitiMortgage,<br><br>                                    Defendant(s). | **ORDER ON MOTION TO DISMISS** |

**THIS MATTER** came before the Court for hearing pursuant to the Amended Motion to Dismiss filed by Defendant CitiMortgage, Inc.[1] and Plaintiffs' Objection thereto.[2]

**I. BACKGROUND AND RELEVANT FACTS**

This Court analyzed nearly all of the same causes of action asserted by Plaintiffs in this Complaint in a recent matter, *Ginn v. CitiMortgage, Inc. (In re Ginn)*, C/A No. 10-05107-HB, Adv. Pro. No. 11-80054-HB, slip op. (Bankr. D.S.C. Jan. 11, 2012).[3] Therefore, to the extent that the matters discussed in *Ginn* coincide with those discussed in the instant proceeding, they will not be restated.

---

[1] Doc. No. 13, filed July 22, 2011.
[2] Doc. No. 18, filed Oct. 12, 2011.
[3] The only cause of action not asserted in *Ginn* that is present in the instant proceeding is Count XII, unconscionability—§ 37-5-108.

## A. PLAINTIFFS' ALLEGATIONS[4]

Plaintiffs executed a Note and Mortgage in favor of Axtion Inc. DBA Action Mortgage ("Axtion") on March 6, 2001. The principal amount of the Note was $79,000. The Mortgage securing the Note encumbers Plaintiffs' residence located at 2522 Ridge Road, Hodges, South Carolina in Greenwood County and was recorded in record book 1121 at page 77.[5] Sections 9 and 22 of the Mortgage, titled "Protection of Lender's Interest in the Property and Rights Under this Security Instrument" and "Acceleration," respectfully, are identical to the corresponding mortgage provisions in *Ginn*. *See id.* at 3.

An assignment dated March 6, 2001, from Axtion to Union Federal Bank of Indianapolis ("Union Federal Bank") was recorded on April 3, 2001 in record book 1121 at Page 90.[6] Thereafter, an assignment dated April 25, 2006, from Union Federal Bank to Mortgage Electronic Registration System, Inc. ("MERS"), was recorded on May 16, 2006, in record book 2015 at page 98.[7] An assignment dated January 10, 2007, from MERS, as nominee for CitiMortgage, to CitiMortgage was recorded on February 6, 2007, in record book 2134 at page 186.[8] On January 16, 2007, CitiMortgage filed a foreclosure action against Plaintiffs in the Court of Common Pleas for Greenwood County. A partial release of the resulting foreclosure judgment was filed on August 1, 2007; however, the portion of the state court's judgment granting CitiMortgage's cause of action for a declaratory judgment, finding that the mobile/manufactured home is subject to the lien of Plaintiff's Mortgage, remains in full force and effect.[9]

---

[4] This portion of the Order includes relevant allegations from Plaintiffs' Complaint and documents attached or referenced therein. (Doc. No. 1).
[5] *Id.* at Ex. A.
[6] *Id.* at Ex. C.
[7] *Id.* at Ex. D.
[8] *Id.* at Ex. E.
[9] *Id.* at 5-6, ¶¶ 21-22.

Thereafter, an assignment dated October 29, 2009, from MERS, as nominee for CitiMortgage, to CitiMortgage, was recorded on November 12, 2009, in record book 2466 at page 237.[10] Prior to the recording of this assignment, CitiMortgage commenced its second foreclosure action against Plaintiffs in the Court of Common Pleas for Greenwood County on November 6, 2009.[11] The foreclosure complaint alleged that CitiMortgage is the holder of the Note and Mortgage encumbering Plaintiffs' residence and that the loan is in default and due from June 1, 2009. This action was dismissed on December 14, 2009, after Plaintiffs filed a voluntary petition for Chapter 13 relief on November 24, 2009.[12]

Plaintiffs' proposed Chapter 13 plan[13] utilized the form plan approved for use in this district.[14] The relevant portions of that form plan were identical to those analyzed in *Ginn* and as set forth in *Nix v. Household Fin. Corp. II (In re Nix)*, C/A No. 10-01103-HB, Adv. Pro. No. 11-80062, slip op. at 3-5 (Bankr. D.S.C. Jan. 5, 2012).[15] However, in the instant proceeding, the proposed plan payments were $919 per month for a period of sixty (60) months, to be distributed to creditors by the trustee pursuant to terms therein. In addition, the portion of the plan payment distributable to CitiMortgage for the arrearage on its claim was $126 or more per month.

---

[10] *Id.* at Ex. F.
[11] *Id.* at Ex. L.
[12] *Id.* at 7, ¶ 28.
[13] Doc. No. 22, C/A No. 09-08825-HB, filed Mar. 4, 2010. Plaintiffs filed several versions of their Chapter 13 plan; however the plan referred to in this adversary proceeding is the most recent plan, which was confirmed by the Court. *See* Doc. No. 23, C/A No. 09-08825-HB, filed Apr. 30, 2010.
[14] *See* SC LBR 3015-1 (requiring every Chapter 13 debtor to complete the form plan or to file a plan in substantial conformance with the form plan). Alterations to the form plan are permitted as follows:
   A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modification to the Court's form plan . . . are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be file and served herewith.
SC LBR 3015-1, Ex. A, at ¶ I(A).
[15] Arguments in the *Nix* case were heard with this matter and their facts intersect to some degree.

3

Prior to confirmation, CitiMortgage filed a proof of claim.[16] CitiMortgage's January 6, 2010, claim indicated that it was a secured claim, attached copies of the note, first mortgage, and a stamped indorsement to CitiMortgage[17], and indicated an arrearage on the note of $7,551.13, presented for payment from the trustee, and a principal balance at that time of $56,543.98.[18] The attached Arrearage Statement itemized the charges included in CitiMortgage's claim. Thereafter, on February 5, 2010, CitiMortgage filed an amended claim, increasing the arrearage amount to $8,421.87 to account for the outstanding payments up to December 1, 2009.[19] All other charges and fees remained the same.[20] Plaintiffs' plan was confirmed on April 30, 2010.[21]

Approximately nine (9) months after confirmation, CitiMortgage filed a Motion for Relief from Stay.[22] This motion asserted allegations similar to those set forth in the Motion for Relief from Stay mentioned in *Ginn*, Adv. Pro. No. 11-80054-HB, slip op. at 5 (describing CitiMortgage's relief from stay allegations). Plaintiffs objected to this motion shortly thereafter.[23]

Around the same time, Plaintiffs sent CitiMortgage and its attorney of record a Qualified Written Request ("QWR"), pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(c).[24] Plaintiffs' QWR asks that HFC produce certain

---

[16] POC 8-1, C/A No. 09-08825-HB, filed Jan. 6, 2010.
[17] Doc. No. 1, Ex. G.
[18] POC 8-1.
[19] POC 8-2, C/A No. 09-08825-HB, filed on Feb. 5, 2010.
[20] *See* Doc. No. 1 at 8, ¶¶ 32-33.
[21] Doc. No. 23, C/A No. 09-08825-HB.
[22] Doc. No. 29, C/A No. 09-08825-HB, filed Jan. 14, 2011.
[23] Doc. No. 30, C/A No. 09-08825-HB, filed Jan. 20, 2011.
[24] Doc. No. 1, Ex. H.

4

requested information relating to Plaintiffs' account.[25]  Plaintiffs allege that CitiMortgage's response to the QWR, dated February 15, 2011, was insufficient.[26]

Shortly thereafter, on February 16, 2011, Plaintiffs amended their Schedules A, B, and D.  The amendments added a disclaimer to Schedule A, list potential consumer rights claims on Schedule B, and indicated on Schedule D that CitiMortgage's debt at issue was disputed[27] and to "reserve[] their rights to seek redress under any applicable state or federal consumer protection law, by way of vitiation of the lien, damages, setoff or recoupment against the claim at issue, and for costs and attorney fees."[28]

Plaintiffs filed this adversary proceeding on April 27, 2011.  In their Complaint, Plaintiffs allege that this Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  Plaintiffs also claim that this matter is a core proceeding as defined by 28 U.S.C. § 157 and that this is a matter arising in a case under Title 11.[29]  Defendant did not raise any challenge to those allegations in their Motion.

---

[25] *Id.*  Reference is made to the QWR and the full content will not be repeated here, as it included forty-two (42) items.

[26] *Id.* at Ex. I.  CitiMortgage's response included the following documents:
   a. a copy of the Note;
   b. a copy of the Mortgage;
   c. a "Consolidated Note Report" dated February 15, 2011;
   d. "Payment History Transaction Codes";
   e. a MERS Servicer Identification System search regarding Plaintiffs' MIN loan status as of February 15, 2011;
   f. a "Welcome Letter" letter from Waterfield Mortgage Company to Plaintiffs dated April 10, 2006, advising Plaintiffs that CitiMortgage will be the new servicer of their loan effective May 1, 2006 including the "Notice of Assignment, Sale or Transfer of Servicing Rights" from Waterfield to CitiMortgage;
   g. an "Escrow Analysis Cash Flow Statements" dated February 15, 2011; and
   h. an "Expense Detail" for Plaintiffs' account

[27] Doc. No. 37, C/A No. 09-08825-HB.

[28] Doc. No. 1 at 10, ¶ 47.

[29] *Id.* at 2, ¶¶ 6-7.

### B. CAUSES OF ACTION

CitiMortgage's Motion asserts that Plaintiffs' pursuit of certain pre-confirmation matters in this adversary proceeding is precluded by confirmation of the plan. The following labeled causes of action (or portions thereof) in the Complaint are based on pre-confirmation activity: 1) *Count I, objection to the proof of claim filed by CitiMortgage and that CitiMortgage lacks status of "holder"*—as to any challenge that existed pre-confirmation; 2) *Count III, violation of 11 U.S.C. §§ 105 and 506 Contempt of Court Order*[30], complaining of CitiMortgage's charging and assigning legal fees and expenses to Plaintiffs' mortgage loan—to the extent that it involves any pre-confirmation acts; 3) *Count V, fraud on the court*, complaining of CitiMortgage's representations found in its claim and its assignment of the Note and Mortgage; 4) *Count VII, securitization disclosure*—to the extent that it questions whether CitiMortgage was the holder of the Note and Mortgage prior to confirmation; 5) *Count VIII, failure to comply with HAMP/HARP* by not offering Plaintiffs a loan modification prior to foreclosing on their residence; 6) *Count X, "SCUTPA"*—it appears that both pre- and post-confirmation acts may be referenced in this cause of action; 7) *Count XI, unauthorized practice of law* with regard to CitiMortgage's preparation of the loan documents presented to Plaintiffs at the closing without the supervision of a South Carolina licensed attorney; 8) *Count XII, unconscionability—§ 37-5-108*, arguing that the mortgage should be rendered unenforceable because Axtion knowingly took advantage of Plaintiffs' inability to understand the terminology used in the loan transaction; and 9) *Count XIII, attorney preference—SCCPC*, asserting that CitiMortgage

---

[30] This cause of action likely applies only to post-confirmation acts, but this is not certain given the incorporation of prior paragraphs of the Complaint into this cause of action.

did not ascertain prior to closing Plaintiffs' preference for legal counsel to represent them in the transaction.

The following are also included in the Complaint but do not involve pre-confirmation activity: 1) *Count I, objection to the proof of claim filed by CitiMortgage and that CitiMortgage lacks status of "holder"*—to the extent that Plaintiffs challenge any post-confirmation charges, fees, payment application, or transfer of ownership of the Note and Mortgage post-confirmation; 2) *Count II, violation of the automatic stay*; 3) *Count III, violation of 11 U.S.C. §§ 105 and 506 contempt of court order*—to the extent that it relates to any post-confirmation expenses, fees, or interest claimed by CitiMortgage; 4) *Count IV, breach of contract*; 5) *Count VI, demand for accounting*; 6) *Count VII, securitization disclosure*—to the extent that it relates to any post-confirmation transfer of interest in Note and Mortgage; 7) *Count IX, failure to provide identity of holder of original mortgage note pursuant to Section 1641(f)(2) of TILA and failure to respond to QWR*; and possibly 8) *Count X, SCUTPA*—to the extent that it involves allegations of post-confirmation conduct.

## II. DISCUSSION AND CONCLUSIONS OF LAW

### A. STANDARD OF REVIEW

CitiMortgage has moved for dismissal of the Complaint for failure to state a claim upon which relief can be granted or alternatively, for a judgment on the pleadings in its favor pursuant to Fed. R. Civ. P. 12(c). The standards the Court will apply to review the Rule 12(b)(6) and Rule 12(c) motions are set forth in *Nix*, Adv. Pro. No. 11-80062, slip op. at 8-9. The Court finds that the pleadings have not closed; therefore, the Court may not

7

consider a judgment on the pleadings under Fed. R. Civ. P. 12(c).[31] Instead, the Court will review the allegations of the Complaint pursuant to the Rule 12(b)(6) standard.

## B. THE PRECLUSIVE EFFECT OF PLAN CONFIRMATION

For the reasons set forth in *Ginn, see* Adv. Pro. No. 11-80054, slip op. at 9-10, and as discussed in *Nix,* Adv. Pro. No. 11-80062, slip op. at 10-16, the Court finds that the blanket reservation of rights in the form plan, without more, is insufficient to defeat creditor CitiMortgage's assertion of *res judicata* as a defense to Plaintiffs' causes of action arising from pre-confirmation activity. Considering the preclusive effect of the confirmation order and viewing the allegations of the Complaint in the light most favorable to the Plaintiffs, the Court finds that the following causes of action, based on allegations of pre-confirmation activity, should be dismissed in their entirety: 1) *Count V, fraud on the court*; 2) *Count VIII, failure to comply with HAMP/HARP*; 3) *Count XI, unauthorized practice of law*; 4) *Count XII, unconscionability—§ 37-5-108*; and 5) *Count XIII, attorney preference—SCCPC*.

The following causes of action should be dismissed in part: 1) *Count I, objection to the proof of claim filed by CitiMortgage and that CitiMortgage lacks status of "holder"*—to the extent that Plaintiffs' causes of action or challenges are based on pre-confirmation conduct of CitiMortgage, except for challenges to the allowance of the claim when applying the terms of the pre-petition contract between the parties as modified by the plan and only to the extent that the challenge is not contrary to matters finally determined in this case by confirmation, including disputes that could or should have been raised pre-confirmation

---

[31] The Court notes that CitiMortgage's Motion included various matters outside the scope of the Complaint, including certain portions of Plaintiffs' Schedules and Plaintiffs' Objection to the Motion for Relief from Stay in the bankruptcy case. However, the Court did not consider these matters when determining its outcome on the instant Motion. Although these matters may be on the docket of the main bankruptcy case, they are not a part of the instant adversary proceeding and were not admitted into evidence. Therefore, the Court need not convert this motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12(d). *See McBurney v. Cuccinelli*, 616 F.3d 393, 410 (4th Cir. 2010).

arising from the same set of facts; 2) *Count III, violation of 11 U.S.C. §§ 105 and 506 Contempt of Court Order*—to the extent that it involves pre-confirmation acts, if any; 3) *Count VII, securitization disclosure*—to the extent that it is based on allegations of pre-confirmation activity; and 4) *Count X, SCUTPA*—to the extent that it involves pre-confirmation conduct.

### C. REQUEST TO DISMISS REMAINING CAUSES OF ACTION

Plaintiffs' remaining causes of action challenged by CitiMortgage's Rule 12(b)(6) Motion on other grounds are: 1) *Count I, objection to the proof of claim filed by CitiMortgage and that CitiMortgage lacks status of "holder"*—to the extent that it is based on post-confirmation acts; 2) *Count III, violation of 11 U.S.C. §§ 105 and 506 contempt of court order*—to the extent that it relates to any post-confirmation expenses, fees, or interest claimed by CitiMortgage; 4) *Count VI, demand for accounting*; 4) *Count VII, securitization disclosure*—to the extent that it relates to any post-confirmation transfer of interest in Note and Mortgage; 5) *Count IX, failure to provide identity of holder of original mortgage note pursuant to Section 1641(f)(2) of the TILA and failure to respond to QWR*; and 6) *Count X, SCUTPA*—to the extent that it involves post-confirmation conduct.

Applying the law and reasoning set forth in *Ginn*, *see* Adv. Pro. No. 11-80054, slip op. at 11-17, and *Nix*, Adv. Pro. No. 11-80062, slip op. at 17-24, the Court concludes that the following causes of action are dismissed because they fail to state a claim upon which relief can be granted: 1) *Count III, violation of 11 U.S.C. §§ 105 and 506 contempt of court order*; 2) *Count VI, demand for accounting*; and 3) *Count VII, securitization disclosure*. Further, cause exists to dismiss the following causes of action because they are insufficiently plead: 1) *Count IX, failure to provide identity of holder of original mortgage note pursuant*

9

*to Section 1641(f)(2) of TILA and failure to respond to QWR; and 2) Count X, SCUTPA*—to the extent that it involves pre-confirmation conduct.

### III. CONCLUSION

For the reasons discussed above, the following causes of action are hereby **DISMISSED**: 1) *Count I, objection to the proof of claim filed by CitiMortgage and that CitiMortgage lacks status of "holder"*—as to any causes of action or challenges to the claim resulting from pre-confirmation conduct of CitiMortgage or causes of action Plaintiffs could have asserted pre-confirmation (except as indicated below); 2) *Count III, violation of 11 U.S.C. §§ 105 and 506 contempt of court order*; 3) *Count V, fraud on the court*; 4) *Count VI, demand for accounting*; 5) *Count VII, securitization disclosure*; 6) *Count VIII, failure to comply with HAMP/HARP*; 7) *Count X, SCUTPA*—to the extent that it involves pre-confirmation conduct; 8) *Count XI, unauthorized practice of law*; 9) *Count XII, unconscionability—§ 37-5-108;* and 10) *Count XIII, attorney preference—SCCPC*.

Further, Plaintiff shall have fourteen (14) days from entry of this order to amend the Complaint to cure any pleading deficiencies for the following in a manner consistent with this Order: 1) *Count IX, failure to provide identity of holder of original mortgage note pursuant to Section 1641(f)(2) of TILA and failure to respond to QWR; and 2) Count X, SCUTPA*—to the extent that it relates to any post-confirmation activity. If Plaintiffs fail to do so within that time, these causes of action are also **DISMISSED**.

Finally, CitiMortgage's Motion to Dismiss is **DENIED** as to *Count I, objection to the proof of claim filed by CitiMortgage and that CitiMortgage lacks status of "holder"*— to the extent that Plaintiffs' causes of action or challenges are based on post-confirmation conduct of CitiMortgage, or involve challenges to the allowance of the claim when applying

10

the terms of the pre-petition contract between the parties as modified by the plan and only to the extent that the challenge is not contrary to matters finally determined in this case by confirmation, including disputes that could or should have been raised pre-confirmation arising from the same set of facts. Further, because not addressed or challenged in CitiMortgage's Motion, the following causes of action remain a part of this adversary proceeding: 1) *Count II, violation of the automatic stay*; and 2) *Count IV, breach of contract*.

**AND IT IS SO ORDERED.**